IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

W Preston Moore,
Plaintiff, v.

Michael McGee,
Albert Perry III,
William Lublin,
David Dean,
Chris Beadling,
Hank Lerner,
Kevin Juliano,
Kathryn L. Simpson, Mette, Evans & Woodside, Harrisburg, PA,
National Association of Realtors, Chicago, IL,
New York Realtor Association, Albany, NY,
New Jersey Realtors, Trenton, NJ,
Pennsylvania Association of Realtors, Lemoyne, PA,
Pennsylvania Real Estate Commission, Harrisburg, PA
Black Caucus of the PA HRs, Defendants.

CASE NO. 24-1607

FILED
NOV 25 2024
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

RE: COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, DISCRIMINATION, BREACH OF CONTRACT, ANTITRUST VIOLATIONS, AND FORCED MEMBERSHIP MONOPOLY

### INTRODUCTION

1. Plaintiff, W Preston Moore, C/O MBR Realtor, brings this complaint against the National Association of Realtors (NAR), the Pennsylvania Association of Realtors (PAR), and other named defendants for discriminatory practices, antitrust violations, forced membership, and violations of civil rights, particularly regarding minority demographics and inequitable enforcement of rules.

### PARTIES

2. Plaintiff, W Preston Moore, C/O MBR Realtor, is a resident of 1047 Shawnee Ridge Dr., Cheswick, PA 15024.
3. Defendants Michael McGee, Hank Lerner, and Kevin Juliano are officials of PAR and have acted within the scope of their employment.
4. Defendant, Pennsylvania Association of Realtors (PAR), is a state trade association headquartered at 500 N. 17th St., Harrisburg, PA 17103.
5. Defendants Albert Perry III, William Lublin, David Dean and Chris Beadling are Realtors members of PAR.

6. Other Defendants Kathryn L. Simpson (Mette, Evans & Woodside), and representatives of the New York State Association of Realtors and New Jersey Realtors.
7. Other Defendant, National Association of Realtors (NAR), is a national trade association headquartered at 430 N. Michigan Ave., Chicago, IL 60611.
8. The PA State Real Estate Commission and the Black Caucus of the PA House of Representatives are also named for their roles in the regulatory and political context of this matter.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims arise under federal law, including antitrust violations under the Sherman Act (15 U.S.C. § 1 et seq.) and civil rights violations under Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d).
10. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

### Discriminatory and Unfair Practices

11. Over recent years, NAR, PAR, and associated boards have engaged in discriminatory practices, particularly in enforcement of rules that disproportionately affect minority members.
12. A report by the Community Legal Services of Lehigh Valley (CLCV) revealed systemic bias in real estate transactions involving minority groups and disparity in treatment by real estate boards, including NAR.
13. Minority members, including Plaintiff, have faced unequal enforcement of ethical standards, while white members engaging in similar conduct are not held accountable.
14. Leadership structures within NAR and PAR favor non-minority individuals, leading to policies that fail to protect minority members.
15. Plaintiff has personally experienced bias from NAR and PAR, including inadequate handling of complaints and a lack of support for minority members seeking redress.
16. Specifically, Plaintiff alleges a failure by NAR to provide due process in the context of harassment allegations, particularly where high-level leaders within a realtor association are implicated. The absence of a thorough investigation into such allegations constitutes a denial of fair treatment and due process.
17. Plaintiff has been unlawfully suspended, indicative of a broader culture within the organizations that fosters retaliation and microaggressions against minority members. The tactics employed by the Defendants resemble those of a criminal organization, characterized by coercive measures such as "get down or lay down" governance, which ensure that certain individuals are denied due process.
18. Evidence exists indicating that group text messages pertinent to these injustices were intentionally deleted, reflecting a calculated effort to obscure the actions taken against the

Plaintiff and other minority members. Such conduct mirrors historical injustices faced by Black Americans, suggesting a systemic approach to suppressing dissent and maintaining control.

19. The role of Black individuals within NAR is seen as contributing to the organization's economic viability, akin to historical patterns of exploitation where the contributions of Black individuals were leveraged for the financial benefit of the organization while their rights and dignities were overlooked.
20. W Preston Moore, currently serving as the first Black State President, has encountered additional challenges and discrimination that highlight the need for reform within these organizations. Despite holding the title of president, he possesses limited power and influence within the organization, a situation that appears consistent with a pattern of denying substantive authority to minority members.
21. Furthermore, he continues to pay full membership dues yet is denied access to full membership benefits, reflecting disparate treatment that underscores systemic issues.
22. There is an ongoing request for a state investigation into any criminal laws that may have been broken. Additionally, there is a threat of a class action lawsuit involving other individuals who are waiting to be added to this complaint.
23. These discriminatory actions not only affect Plaintiff but have a broader impact on the real estate profession in Pennsylvania and throughout the country, where unfair practices, especially concerning minority representatives, undermine industry integrity.

**Antitrust and Monopoly Violations**
24. Defendants have engaged in monopolistic practices that violate federal antitrust laws, including the Sherman Act (15 U.S.C. § 1) and the Clayton Act (15 U.S.C. § 12 et seq.), by establishing a monopoly over the real estate profession through forced membership.
25. NAR's Multiple Listing Service (MLS) systems effectively force real estate professionals into NAR membership to access MLS listings, essential for conducting transactions.
26. These practices stifle competition and limit market access, forcing professionals to comply with NAR's rules and dues without viable alternatives.
27. Forced membership disproportionately affects minority and lower-income professionals who may lack the financial means to pay the imposed dues.
28. Defendants have actively prevented the establishment of alternative trade organizations, which would provide competitive checks on NAR's practices.

**Forced Membership and Lack of Representation**
29. NAR and PAR require real estate professionals to join their organizations, often providing minimal benefits while perpetuating discrimination.
30. The leadership and staff are predominantly non-minority, making decisions without regard for the needs of minority professionals.
31. Plaintiff and others have raised concerns about the lack of diversity in leadership, which have been ignored by the Defendants, perpetuating a cycle of discrimination.

## CAUSES OF ACTION

### Count I: Discrimination in Violation of Civil Rights Statutes

32. Plaintiff realleges and incorporates by reference all preceding paragraphs.
33. Defendants have engaged in discriminatory practices in violation of Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d) and the Fair Housing Act (42 U.S.C. § 3601 et seq.).

### Count II: Antitrust Violations

34. Plaintiff realleges and incorporates by reference all preceding paragraphs.
35. Defendants have violated federal antitrust laws, including the Sherman Act (15 U.S.C. § 1) and the Clayton Act (15 U.S.C. § 12), by maintaining a monopoly over the real estate profession through forced membership.

### Count III: Breach of Contract

36. Plaintiff realleges and incorporates by reference all preceding paragraphs.
37. Defendants have breached their contractual obligations by failing to provide an impartial and equitable system for resolving disputes, as required by the agreements governing their operations.

### Count IV: Violation of Due Process

38. Plaintiff realleges and incorporates by reference all preceding paragraphs.
39. Defendants have violated Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution by imposing financial barriers to appeals and failing to provide a fair adjudication process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. A declaratory judgment that Defendants' actions and policies are unlawful and discriminatory.
B. An injunction requiring Defendants to reform their processes to ensure equitable treatment of all members.
C. A reinstatement of the Plaintiff as the 2024 President of PAR with all rights/duties.
D. An injunction prohibiting Defendants from engaging in forced membership practices.
E. Compensatory damages in an amount to be determined at trial.
F. Punitive damages to deter future violations.
G. Attorney's fees, costs, and expenses incurred in bringing this action.
H. Any other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**DATED: 11/25/2024**
**Respectfully submitted,**
**W Preston Moore**