IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| W. PRESTON MOORE, | ) |
| | ) |
| Plaintiff, | ) 2:24-CV-1607 |
| | ) |
| v. | ) |
| | ) |
| MICHAEL MCGEE; *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff W. Preston Moore's *pro se* complaint asserts civil rights, antitrust, and breach-of-contract claims for alleged discriminatory and monopolistic practices by the National Association of Realtors, the Pennsylvania Association of Realtors, and other real estate boards. ECF 1. I have before me Defendant Pennsylvania Real Estate Commission's motion to dismiss. ECF 5.

I will grant the Commission's motion to dismiss, without prejudice and with leave to amend, because Mr. Moore's complaint fails to allege sufficient facts to state a claim against the Commission.[1] The complaint only mentions the Commission for its "role[] in the regulatory and political context of this matter[,]" but contains no allegations as to how the Commission is personally involved in the alleged misconduct. ECF 1, p. 2. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.").

---

[1] While the Commission may be entitled to Eleventh Amendment immunity, it is premature to dismiss on this basis because whether Eleventh Amendment immunity applies might turn on what, if any, allegations are in an amended complaint against the Commission, and what type of relief is sought.

As to the other defendants named in the complaint, it has been past 90 days since the complaint was filed, but there is no indication on the docket that service of the summons and complaint has been made on these defendants.  Pursuant to Federal Rule of Civil Procedure Rule 4(m), I will extend the time for service for 30 days.  Mr. Moore must file executed proofs of service or executed waivers of service as to the other defendants in the next 30 days; otherwise, the claims against the remaining defendants will be dismissed without prejudice.

In short, Mr. Moore's claims against the Commission are **DISMISSED** without prejudice.  Mr. Moore is free to amend his complaint to cure the pleading deficiencies.  Any such amended complaint must be filed by **April 25, 2025**.  He must also file executed proofs of service or executed waivers of service as to the other defendants by **May 12, 2025**.[2]

Dated: April 11, 2025

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
W. Preston Moore
1047 Shawnee Ridge Drive
Cheswick, PA 15204

---

[2] I would note that the complaint here has several complex claims, including antitrust claims.  I would also note that in Mr. Moore's last filing, he reiterated the importance and magnitude of this case to him, and the public at large.  In light of this, it seems like Mr. Moore might benefit from retaining a lawyer to represent him. Put differently, if I were to engage in a complicated real estate transaction, I would hire a realtor to represent me.  Hiring a lawyer to bring a federal antitrust lawsuit is no different.  If Mr. Moore does hire a lawyer, I will allow the lawyer to file an amended complaint, and provide time for the lawyer to properly serve all of the defendants.